1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  PAMELA MOTLEY, et al.,                    )   Case No.: 1:15-cv-00905-DAD-BAM
                                              )
12                       Plaintiffs,          )   ORDER VACATING HEARING OF MARCH 11,
                                              )   2016
13          v.                                )
                                              )   ORDER GRANTING PLAINTIFFS' MOTION TO
14  City of Fresno, et al.,                   )   WITHDRAW ADMISSIONS
                                              )   (ECF No. 33)
15                       Defendants.          )
                                              )
16                                            )
                                              )
17  _____  )

18          Currently pending before the Court is Plaintiffs' motion to withdraw admissions filed on

19  February 7, 2016.  The parties submitted a Joint Statement of Discovery Dispute on March 4, 2016.

20  Having reviewed the joint statement and the record on file, the Court finds the motion suitable for

21  resolution without oral argument.  Therefore, the hearing currently scheduled for March 11, 2016, is

22  HEREBY VACATED, and the motion is deemed submitted.

23          **I.      Procedural Background**

24          Plaintiffs Pamela Motley, Estate of Cindy Raygoza, Yvette Caldera, Valerie Caldera, and

25  Danny Rice initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 14, 2015.  (Doc 1).

26  Plaintiffs filed a first amended complaint on June 17, 2015.  (Doc. 7).  On July 10, 2015, Defendant

27  City of Fresno filed a motion to dismiss and motion for judgment on the pleadings.  (Doc. 11).  The

28  officer defendants joined the motion on July 27, 2015, and the matter (and this action) was originally

                                              1

assigned to District Judge Troy L. Nunley in the Eastern District of California, Sacramento Division. (Docs. 15, 19).

On July 27, 2015, the assigned district judge directed the parties to file a Joint Status Report to include a Federal Rule of Civil Procedure 26 discovery plan.  (Doc. 16).  In response to the Court's order, on August 14, 2015, the parties submitted their Joint Scheduling Report.  (Doc. 22).

On August 20, 2015, the assigned district judge took the pending motion to dismiss under submission without oral argument.  (Doc. 25).

On January 27, 2016, Defendant City of Fresno filed notices of deemed admissions related to the failure of Plaintiffs to timely respond to the set one requests for admissions.  Defendant City of Fresno asserted that requests for admissions were mailed to Plaintiffs' counsel on November 25, 2015, and Plaintiffs were required to serve responses no later than December 28, 2015, thirty-three days after the service date.  Defendant City of Fresno further asserted that although Plaintiffs' proofs of service stated that responses were placed in the U.S. mail on December 29, 2015, Defendant's counsel did not receive the responses until January 7, 2016, a full nine days after the alleged service date, and a full ten days after the responses' due date. Defendant posited that because counsel did not receive responses until January 7, 2016, it was more likely that Plaintiffs did not actually mail their responses until January 3, 2016, six days late.  (Docs. 29, 30).

On January 28, 2016, Plaintiffs filed a response to the notices of deemed admissions.  Plaintiffs included an alternative request for relief under Federal Rules of Civil Procedure 6(b)(1)(B) and 36(b). (Doc. 31).

On January 29, 2016, the undersigned informed the parties that it would not take action on Plaintiffs' alternative request for relief in the absence of a properly noticed motion pursuant to Local Rule 251.  (Doc. 32).  Thereafter, on February 7, 2016, Plaintiffs filed the instant motion to withdraw deemed admissions.  (Doc. 33).  Defendants objected to the motion to withdraw based on the failure to comply with Local Rule 251, and Plaintiffs replied.  (Docs. 34, 35).  On February 18, 2016, the undersigned directed the parties to meet and confer and file a timely Joint Statement re Discovery Disagreement pursuant to Local Rule 251.  (Doc. 36).

On February 29, 2016, the action was reassigned from District Judge Troy L. Nunley to District Judge Dale A. Drozd for all proceedings.  The undersigned remained as the assigned Magistrate Judge.  (Doc. 37).

On March 3, 2016, Defendants filed a motion for summary judgment, which is partially based on Plaintiffs' deemed admissions.  (Doc. 38).

On March 4, 2016, the parties filed their Joint Statement of Discovery Dispute.  (Doc. 42).  On the same date, the newly assigned district judge reset Defendants' pending motion to dismiss and Defendants' pending motion for summary judgment for hearing on May 3, 2016.  (Doc. 43).

To date, no discovery and scheduling order has been issued.

## II.      Legal Standard

Federal Rule of Civil Procedure 36(a) states that a matter is admitted "unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection." Fed. R. Civ. P. 36(a)(3).  Once admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Plaintiffs seek to withdraw their admissions pursuant to Rule 36(b).

Rule 36(b) states, in relevant part:

> [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Id.*

District courts are permitted "to exercise [their] discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted). Both prongs of this test must be considered in resolving a motion to withdraw admissions.  *Id.* at 622.  "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (1995)).  As to the

second half of this test, the Court focuses on "the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623.

### III.   Discussion

#### A.   Presentation of the Merits

Plaintiffs contend that the deemed admissions would eliminate any merits issues.  (Doc. 42 at 5).  Defendants counter that withdrawal of the admissions will not promote presentation of the merits because the deemed admissions: (a) are matters that plaintiffs effectively admit in their pleading and/or discovery responses; and (b) as explained in the pending motion to dismiss, plaintiffs' claims in this case fail to state a valid cause of action.[1]  (Doc. 42 at 7).

Defendants' argument that the deemed admissions are effectively admitted in Plaintiffs' pleadings or discovery responses is not persuasive.  Defendants contend that there are three classes of admissions at issue:  (1) those consistent with the facts pled by Plaintiffs or asserted in their discovery responses; (2) those consistent with police report evidence available to and cited by Plaintiffs in their discovery responses; and (3) deemed admissions on issues of ultimate facts.  (Doc. 42 at 19).

With regard to the first and second classes, Defendants have not shown how these deemed admissions are consistent with facts pled by Plaintiffs, facts included in Plaintiffs' discovery responses or facts available in police report evidence.  (Doc. 42 at 19, 201-66).  Absent such a showing, the Court will not parse through the cited pleadings, discovery responses or police reports to verify their purported consistency with the deemed admissions or to make factual determinations.  Further, Plaintiffs have denied all but one request for admission and have provided the reasons for all stated denials.  (Doc. 42 at 80-117, 157-174; 271-336).  With regard to the third class of admissions, it is evident that the deemed admissions would eliminate any dispute on ultimate facts bearing on the merits of this action.

For these reasons, the Court finds that withdrawal of the admissions "would promote the presentation of the merits of the action."  Fed. R. Civ. P. 36(b); *Conlon*, 474 F.3d at 621-22.  Further, this is a civil rights action.  The public policy favoring resolution of cases on their merits is

---

[1] The Court declines to address the merits of Defendants' pending motion to dismiss.  If, in the future, Defendants' motion to dismiss is granted with prejudice, then Defendant will suffer no prejudice from any permitted withdrawal of admissions.

particularly important in such cases.  *See*, *e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

### B.  Prejudice to Defendants

Defendants contend that they would be prejudiced by withdrawal of admissions "because defendants have relied upon such admissions in their motion for summary judgment, and also because defendants have foregone costly discovery in reliance on such admissions."  (Doc. 42 at 20).

Defendants' contention is unpersuasive.  First, Defendants cannot rely on their pending motion for summary judgment to demonstrate potential prejudice.  Defendants filed their pending motion for summary judgment on March 3, 2016, nearly a month after Plaintiffs filed the instant motion for withdrawal of admissions on February 7, 2016.  Defendants should not be rewarded for manufacturing potential prejudice *after* the motion to withdraw admissions was filed.  Moreover, the Ninth Circuit has been reluctant to find that reliance on deemed admissions in preparing a motion for summary judgment constitutes sufficient prejudice.  *See*, *e.g.*, *Conlon*, 474 F.3d at 624; *Flores v. Merced Irrigation Dist.*, No. 1:09cv1529 LJO DLB, 2010 WL 4877795, at *5 (E.D. Cal. Nov. 23, 2010).

Second, Defendants cannot rely on any purported decision to forego discovery in reliance on the deemed admissions.  No Rule 26 discovery plan has been established, no deadlines for the completion of discovery have been set and no trial has been scheduled.[2]  Indeed, Defendants' motion to dismiss has yet to be resolved by the Court.  If the admissions are withdrawn and if the action proceeds following resolution of the outstanding motions, Defendants will not be foreclosed from pursuing discovery in this action.

Third, Defendants have not demonstrated that they would suffer prejudice at trial based on the withdrawal of admissions.  *Conlon*, 474 F.3d 621-22.  This is not a motion for withdrawal made in the middle of trial, when courts are more likely to find prejudice.  *See Hadley*, 45 F.3d at 1348.  As noted above, the Court has not established a discovery plan and no trial has been set.

---

[2] The Court does not address the propriety of serving discovery in the absence of a Rule 26 discovery and scheduling order. While the parties may have had an early Rule 26(f) conference (See Doc. 16 and 22), the pleadings in this matter are not yet set and opening of discovery may have been premature.  Further, an early summary judgment, such as the one now pending, undoubtedly will be subject to Rule 56(d).

For these reasons, the Court finds that Defendants will not be prejudiced in maintaining or defending the action on the merits or at trial.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiffs' motion to withdraw admissions, filed on February 7, 2016, is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:   **March 9, 2016**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE