UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA MOTLEY, et al.

Plaintiffs,

v.

THE CITY OF FRESNO, CALIFORNIA, et al.,

Defendants.

No.  1:15-CV-00905-DAD-BAM

ORDER DENYING DEFENDANTS' REQUEST TO SEAL DOCUMENTS SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

(Doc. No. 41)

This matter is before the court on defendants' March 3, 2016 request to seal documents submitted in support of their motion for summary judgment. (Doc. No. 41.)  The motion was filed ex parte and did not reflect plaintiff's position with respect to the request.  Upon determining that plaintiffs opposed the request to seal, on March 7, 2016, the court issued a minute order directing plaintiffs to file any opposition to defendants' request by March 9, 2016.  (Doc. No. 44.) Plaintiffs filed their opposition on March 9, 2016.  (Doc. No. 46.)  For the following reasons, the court DENIES defendants' request.

## I.      Introduction

Defendants seek to seal two exhibits to be filed in support of their March 3, 2016 motion for summary judgment.  The first document—marked Exhibit FF—is a copy of Procedure 320 from the Fresno Police Department Procedures Manual ("Procedure 320").  The document

1

1  generally details how officers are to respond to situations involving domestic violence.  The

2  second document—marked Exhibit GG—is a copy of Policy 320 of the Fresno Police Department

3  ("Policy 320"), which generally discusses the department's domestic violence policy.  All law

4  enforcement agencies in California are required to adopt such policies, as mandated by California

5  Penal Code § 13701(a).    In support of their request to seal, defendants argue that publication of

6  these documents will impede police operations, place officers and members of the public in

7  harm's way and will reveal "police procedural trade secrets."  (Doc. No. 41 at 1.)

8      **II.    Legal Standards**

9      The Local Rules of the Eastern District of California provide that "[d]ocuments may be

10  sealed only by written order of the Court."  L.R. 141(a).  A request to seal "shall set forth the

11  statutory or other authority for sealing, the requested duration, the identity, by name or category,

12  of persons to be permitted access to the documents, and all other relevant information."  *Id.*

13  141(b).

14      There is strong presumption in favor of public access to court records.  *See Phillips v. Gen*

15  *Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is not

16  absolute."  *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The

17  Ninth Circuit has distinguished between the public's interest in accessing court records filed in

18  connection with nondispositive and dispositive motions.  *See In re Midland Nat'l Life Ins. Co.*,

19  686 F.3d 1115, 1119 (9th Cir. 2012); *Kamakana*, 447 F.3d at 1172; *Foltz v. State Farm Mut.*

20  *Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *Phillips*, 307 F.3d at 1213.  To seal

21  documents filed in connection with a dispositive motion, as defendants seek to do here, parties

22  must show there are "compelling reasons" for doing so.  *Kamakana*, 447 F.3d at 1180, 1182

23  ("[T]he proponent of sealing bears the burden with respect to sealing.")  To demonstrate

24  compelling reasons, a party is "required to present articulable facts identifying the interests

25  favoring continued secrecy and to show that these specific interests [overcome] the presumption

26  of access by outweighing the public interest in understanding the judicial process."  *Id.* at 1181

27  (internal citations, quotation marks, and emphasis omitted).  "When sealing documents attached

28  to a dispositive pleading, a district court must base its decision on a compelling reason and

2

articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1182 (internal citation, quotation marks, and emphasis omitted). *See also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Solutions, Inc. v. Pintos*, 562 U.S. 1134 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely good cause standard in addressing documents filed in connection with summary judgment motions). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*.

### III.    Analysis

Here, defendants argue that publication of the two exhibits in question will endanger victims, witnesses, and officers and impede criminal investigations by exposing the methods and procedures employed by Fresno police officers who respond to domestic violence calls. Defendants also label these documents as "police procedural trade secrets." They contend that the potential for injury and impediment, combined with the secretive nature of the documents, constitutes a compelling reason that "sufficient[ly] outweigh[s] the public's interest in disclosure . . . ." *Kamakana*, 447 F.3d at 1179-1180.

First, the court finds that defendants' request to seal Policy 320 is without merit. Defendants have not made the required showing to justify sealing of that document while using it in support of their motion for summary judgment. Moreover, § 320.6 of the policy states that "[a] copy of this domestic violence policy will be provided to members of the public upon request." Also, California Penal Code § 13701(a) and (c) state that "[e]very law enforcement agency in this state shall develop, adopt, and implement written policies and standards for officers' responses to domestic violence calls" and that "these existing local policies and those developed shall be in writing and *shall be available to the public upon request* . . . ." Thus, the language of Policy

3

1    320—as well as the language of the statute mandating the development of the policy—clearly

2    articulates that it is a public document.  Accordingly, the court will deny defendants' request to

3    seal this document.

4           Second, with regard to Procedure 320, the court finds that defendants have failed to state

5    the existence of a "particularized harm" that would result from the this document appearing in the

6    public record of this action.  Defendants' generalized concerns that publication of Procedure 320

7    will somehow allow criminals to evade law enforcement and inflict harm on the public do not

8    constitute "specific factual findings" as required by binding Ninth Circuit authority.  *Kamakana*,

9    447 F.3d at 1178-79.  *See also Lawman v. City & Cnty. of San Francisco*, No. 15-cv-01202, 2016

10   U.S. Dist. LEXIS 14507, at *6-7 (N.D. Cal. Feb. 5, 2015) (denying motion to seal portions of

11   deposition testimony concerning police department training scenarios, submitted in connection

12   with a summary judgment motion and where the proffering party argued that publication would

13   thwart the integrity of testing and training of police recruits and officers, because the proffering

14   party failed to "offer [any] specifics about how disclosure of [such] information would impact the

15   'integrity' of police officer testing and training.").

16          Here, defendants present no details showing how publication of the document in question

17   will undermine law enforcement techniques or safety or hinder law enforcement's ability to

18   protect witnesses, victims, and the general public.  Because defendants fail to provide any specific

19   facts, they have not satisfied the "compelling reasons" standard.  That is the showing the Ninth

20   Circuit has required to be made in requesting sealing in the context of documents submitted in

21   connection with dispositive motions, as is the case here.  Accordingly, the court must also deny

22   defendants' request to seal Procedure 320.

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

**IV.     Conclusion**

For all of the reasons set forth above, defendants' request to seal (Doc. No. 41) is DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated:   **March 17, 2016**

                                        UNITED STATES DISTRICT JUDGE

---

[1]  In light of the governing standards and the deficiencies with the request pending before the court, it may be that defendants cannot make the necessary showing with respect to either of the documents.  In denying the request without prejudice, the court is merely indicating that defendants are not precluded from attempting to do so if their counsel believes the required showing can be made.

5