1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MOTLEY, ET AL,                              No.  1:15-cv-00905

12                 Plaintiffs,

13          v.                                     ORDER DENYING DEFENDANTS'
                                                   REQUEST FOR RECONSIDERATION
14    SMITH, ET AL,
                                                   (Doc. No. 49)
15                 Defendants.

16

17          Defendants seek reconsideration of the assigned magistrate judge's order of March 9,

18    2016, granting plaintiffs' motion to withdraw deemed admissions.  (Doc. Nos. 35, 45.)  For the

19    reasons discussed below, the court denies defendants' request for reconsideration.

20    **I.      Background**

21          This matter has a tangled procedural history.  Plaintiffs filed their original complaint on

22    June 14, 2015, and then filed a first amended complaint ("FAC") three days later.  (Doc Nos. 1,

23    7.)  On July 10, 2015, defendants filed a joint motion to dismiss/motion for judgment on the

24    pleadings.  (Doc. No. 11.)  On August 20, 2015, this motion was taken under submission for

25    decision by the previously assigned District Judge.  However, on February 29, 2016, this case was

26    reassigned to the undersigned.  Shortly thereafter the motion was reset for hearing because no

27    decision had yet been rendered at the time of the reassignment.

28    /////

                                                1

1    The court's delay in issuing a decision on defendants' motion to dismiss/motion for

2    judgment on the pleadings, however, did not stop the matter from proceeding.  On July 27, 2015,

3    the assigned magistrate judge ordered the parties to submit a joint status report.  (Doc. No. 16.)

4    The parties complied and filed a Rule 26(f) report on August 14, 2015; however, the report did

5    not contain an agreed upon discovery schedule, and a scheduling order was never issued by the

6    court.  (Doc. No. 22.)  Nonetheless, defendants set about pursuing discovery and mailed requests

7    for admissions to plaintiffs' counsel on November 25, 2015.  Plaintiffs failed to timely respond—

8    depositing their responses in the mail on December 29, 2015, a day late—and defendants filed

9    notices of deemed admissions on January 27, 2016.  (Doc. Nos. 29, 30.)

10    Plaintiffs subsequently filed a response to defendants' notice of deemed admissions,

11    including an alternative request for relief under Federal Rules of Civil Procedure 6(b)(1)(B) and

12    36(b).  (Doc. No. 31.)  The assigned magistrate judge informed plaintiffs it would not act on their

13    request for relief because they had failed to properly notice the motion pursuant to Local Rule

14    251.  (Doc. No. 32.)  Instead, on February 7, 2016, plaintiffs filed a motion to withdraw the

15    deemed admissions—the motion that is at the center of defendants' current request.  (Doc. No.

16    33.)  Defendants filed an opposition (Doc. No. 34), to which plaintiffs filed a reply (Doc. No. 35),

17    and the assigned magistrate judge order the parties to meet and confer and file a timely Joint

18    Statement re Discovery Disagreement pursuant to Local Rule 251.  (Doc. No. 36.)

19    The parties filed their Joint Statement on March 4, 2016.  (Doc. No. 42.)  Prior to the

20    filing of the document and as noted above, the matter was transferred from the Sacramento

21    Division of the Eastern District of California to the Fresno Division.  (Doc. No. 37.)

22    Additionally, defendants filed a motion for summary judgment on March 3, 2016.  (Doc. No. 38.)

23    The motion to dismiss/motion for judgment on the pleadings and the motion for summary

24    judgment were all reset for hearing and oral argument was heard by the undersigned on May 3,

25    2016.  (Doc. No. 56.)

26    On March 9, 2016, the assigned magistrate judge granted plaintiffs' motion to withdraw

27    deemed admissions.  (Doc. No. 45.)  Defendants filed the current request for reconsideration on

28    March 23, 2016.  (Doc. No. 49.)  To date, no discovery and scheduling order has yet to have been

1  issued in this action.

2  **II.     Legal Standard**

3        Federal Rule of Civil Procedure 72(a) states non-dispositive pretrial matters may be

4  decided by a magistrate judge, subject to reconsideration by the district judge.  *See also* Local

5  Rule 303(c).  The district judge shall, upon reconsideration, modify or set aside any part of the

6  magistrate judge's order which is "found to be clearly erroneous or contrary to law."  Local Rule

7  303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial

8  motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the

9  "clearly erroneous or contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-*

10  *Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual

11  determinations are reviewed for clear error, and the magistrate judge's legal conclusions are

12  reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d

13  1195, 1200–01 (9th Cir. 1984) *overruled on other grounds by Estate of Merchant v. CIR*, 947

14  F.2d 1390 (9th Cir. 1991).  "[R]eview under the 'clearly erroneous' standard is significantly

15  deferential, requiring a 'definite and firm conviction that a mistake has been committed.'"

16  *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (quoting

17  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A magistrate judge's

18  decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element

19  of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of

20  procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D.

21  Cal. July 18, 2014) (internal quotations and citations omitted).

22  **III.    Analysis**

23        Here, the assigned magistrate judge granted plaintiffs' motion to withdraw deemed

24  admissions on two grounds.  First, the magistrate judge held the withdrawal of the admissions

25  would promote the presentation of the merits of the action because, contrary to defendants'

26  expressed belief, defendants had failed to show the deemed admissions were identical to facts

27  stated in plaintiffs' complaint, discovery responses, or readily obtainable police reports.  (Doc.

28  No. 45 at 4.)  In the same vein, the magistrate judge noted the existence of a public policy

3

favoring resolution of civil rights cases on their merits.  (*Id*. at 4–5 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998)).  Second, the magistrate judge noted withdrawal of the admissions would not inflict any prejudice upon defendants.  (*Id*. at 5.)  The magistrate judge labeled defendants' claim of prejudice "manufactured," noting it was based primarily on the impact withdrawal would have on the motion for summary judgment defendants had filed just before the parties submitted the Joint Statement regarding the discovery dispute.  (*Id*.)  The magistrate judge also noted withdrawal would not upset the litigation of the action because "[n]o Rule 26 discovery plan ha[d] been established, no deadlines for the completion of discovery ha[d] been set and no trial ha[d] been scheduled."  (*Id*.)

In their request for reconsideration, defendants group the deemed admissions into three classes.  The first class, according to defendants, consists of deemed admissions consistent with facts stated in plaintiffs' complaint or discovery responses.  The second class, per defendants, consists of deemed admissions consistent with information contained in readily obtainable police reports.  The third class consists of deemed admissions dealing with ultimate issues of fact.  According to defendants, the magistrate judge committed clear error in withdrawing the first two classes of deemed admissions because they were consistent with facts pled and information already provided by plaintiffs or otherwise contained in police reports.  Defendants also argue withdrawal of all three classes constitutes clear error because the magistrate judge failed to conduct a proper equitable balancing.

The court holds the magistrate judge's decision to withdraw the first and second class of deemed admissions was not clearly erroneous.  First, defendants' allegation that the magistrate judge "fail[ed] to review the cited evidence" is incorrect.  (Doc. No. 49 at 17.)  Indeed, as the magistrate judge stated in her order:

> . . . [d]efendants have not shown how these deemed admissions are consistent with facts pled by Plaintiffs, facts included in Plaintiffs' discovery responses or facts available in police report evidence. [Citation omitted.]  Absent such a showing, the Court will not parse through the cited pleadings, discovery responses or police reports to verify their purported consistency with the deemed admissions or to make factual determinations.

4

1   (Doc. No. 45 at 4.)  The magistrate judge did not refuse to review evidence; she refused to play

2   the role of advocate, a job reserved for defendants' counsel.  Furthermore, a review of the

3   evidence proffered by defendants in support of their contention reflects that the requested

4   admissions are not identical to the allegations of plaintiffs' complaint or the police reports cited

5   by defendants.[1]  Under these circumstances the court cannot form a "definite and firm conviction

6   that a mistake has been made."  *Concrete Pipe and Prods.*, 508 U.S. at 623.

7           The court also finds the magistrate judge's balancing of equity was not clearly erroneous.

8   In support of their argument, defendants cite to Federal Rule of Procedure 36(a) and its

9   interpretation by the Ninth Circuit in *Asea, Inc. v. Southern Pacific Transportation Company*, 669

10  F.2d 1242 (9th Cir. 1981).  (Doc. No. 49 at 16–17.)  While the court does not doubt "[c]allous

11  disregard of discovery responsibilities cannot be condoned," *Asea*, 669 F.2d at 1246, it does not

12  find that plaintiffs' conduct can be categorized as such.  As the magistrate judge noted, no pre-

13  trial scheduling order has ever been issued in this case.  Absent a scheduling order, it not at all

14  fair to say plaintiffs have been shucking their discovery responsibilities.  Accordingly, the court

15  concludes that the magistrate judge's order was not clearly erroneous or contrary to law.

16  **IV.    Conclusion**

17          For all the reasons stated above, the court denies defendants' request for reconsideration

18  of the magistrate judge's order granting plaintiffs' motion to withdraw admissions.

19  IT IS SO ORDERED.

20  Dated:  **June 22, 2016**                                              _____

21                                                                          UNITED STATES DISTRICT JUDGE

22

23

24  _____

    [1]  For example, in Request for Admission No. 8, defendants ask plaintiffs to "[a]dmit that, based
25  on Plaintiff's statement during their call for service at Plaintiff's residence, Officer Joseph Smith
    and/or Officer Brian Little obtained and/or issued a short-term emergency protective order
26  ("EPO") against Plaintiff's estranged husband Paul Motley for the benefit of Pamela Motley."
    (Doc. No. 49-1 at 7.)  In support of the pending motion, defendants cite to a portion of plaintiffs'
27  complaint in which it is alleged:  "Officer Smith and Little then went to Paul's residence and
    served him with an emergency protective order that had been issued . . . ."  (*Id.*)  But *to serve* is
28  clearly not necessarily the same as *to obtain* or *to issue*.

                                                      5