UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTLEY, ET AL., | No. 1:15-cv-00905 |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' REQUEST FOR DEFERMENT OF PENDING MOTION OF SUMMARY JUDGMENT |
| SMITH, ET AL., | |
| Defendants. | (Doc. No. 38) |

Defendants filed a motion for summary judgment ("MSJ") on March 3, 2016. (Doc. No. 38.) On April 19, 2016, plaintiffs filed an affidavit pursuant to Federal Rule of Civil Procedure 56(d) requesting deferment of the pending MSJ. (Doc. No. 51.) On April 20, 2016, defendants filed a response. (Doc. No. 52.) The following day, April 21, 2016, defendants filed a notice of failure to oppose the MSJ, asking the court to grant their MSJ and dismiss the case. (Doc. No. 54.) For the reasons discussed below, the court grants plaintiffs' request for a deferment of the motion for summary judgment.

**I.     Background**

Plaintiffs filed their first complaint on June 14, 2015 (Doc. No. 1), and subsequently filed an amended complaint on June 17, 2015 (Doc. No. 7). Defendants filed a motion to dismiss on July 10, 2015. (Doc. No. 11.) A status conference was held before Magistrate Judge McAuliffe on July 27, 2015, at which time the Clerk of the Court was directed to randomly assign a District

1

1    Judge to the. (Doc. No. 13.) U.S. District Judge Troy L. Nunley of the Sacramento Division of
2    the court was then assigned.  On August 14, 2015, the parties filed a joint scheduling report;
3    however, the report did not contain a final discovery schedule.  (Doc. No. 22.)  On August 20,
4    2015, District Judge Nunley took defendants' motion to dismiss under submission without oral
5    argument.  (Doc. No. 25.)  On January 27, 2016, defendants filed two notices of deemed
6    admissions.  (Doc. Nos. 29, 30.)  On February 7, 2016, plaintiffs filed a motion to withdraw the
7    deemed admissions.  (Doc. No. 33.)  On February 29, 2016, this action was reassigned to the
8    undersigned District Judge in the Fresno Division of this court.  (Doc. No. 37.)  On March 3,
9    2016, defendants filed the current motion for summary judgment.  (Doc. No. 38.)  The motion for
10   summary judgment is based, in large part, on plaintiffs' deemed admissions.

11        On March 9, 2016, Magistrate Judge McAuliffe granted plaintiffs' motion to withdraw the
12   deemed admissions.   (Doc. No. 45.)  In her order, Magistrate Judge McAuliffe held withdrawal
13   of the admissions was appropriate because it "would promote presentation of the merits of the
14   action" and because defendants would not be prejudiced by the withdrawal. (*Id.* at 4–5.)  The
15   magistrate judge also noted "[n]o Rule 26 discovery plan has been established, no deadlines for
16   the completion of discovery have been set and no trial has been scheduled." (*Id.* at 5.)  The
17   magistrate judge further commented "an early summary judgment, such as the one now pending,
18   undoubtedly will be subject to Rule 56(d)." (*Id.* n.2.)

19        On March 23, 2016, defendants filed a request for reconsideration of the magistrate
20   judge's order. (Doc. No. 49.)  On May 3, 2016, the undersigned heard argument on defendants'
21   motion to dismiss which had been re-set by the court for hearing. (Doc. No. 56.)  On June 20,
22   2016, the court granted in part and denied in part defendants' motion to dismiss. (Doc. No. 57.)
23   On June 23, 2016, the undersigned denied defendants' request for reconsideration of the
24   magistrate judge's order. (Doc. No. 58.)

25   **II.    Legal Standard**

26        Under Federal Rule of Civil Procedure 56(d), the court must deny or continue a motion
27   for summary judgment if an opposing party can show that "for specified reasons, it cannot present
28   facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  Indeed, Rule 56(d) "require[es],

rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 849 (9th Cir. 2001).  The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment." *Tatum v. San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  Here, plaintiff s "must show (1) that [he] ha[s] set forth in affidavit form the specific facts that he hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

**III.   Analysis**

Plaintiffs filed an affidavit arguing discovery has not formally commenced. (Doc. No. 51.) This position is supported by the magistrate judge's order withdrawing plaintiffs' deemed admissions. (Doc. No. 45.) Although the parties did file a joint scheduling report, a pretrial scheduling order was never issued by the court in this case. As of yet, no dates—either for discovery, motion cutoffs, or trial—have been set. Furthermore, the court granted in part and denied in part defendants' motion to dismiss and granted plaintiffs leave to amend certain causes of action, likely altering the course of discovery and the claims involved in this suit. (Doc. No. 57.) Thus, defendants' motion for summary judgment is clearly premature. Accordingly, the court will grant plaintiffs' request brought pursuant to Rule 56(d) and deny the pending motion for summary judgment without prejudice to defendants' filing of a new summary judgment motion when the time is appropriate.

**IV.   Conclusion**

For the reasons sets for above, defendants' pending motion for summary judgment (Doc. No. 38), is denied without prejudice.

IT IS SO ORDERED.

Dated:   **June 27, 2016**                                  _____
                                                            UNITED STATES DISTRICT JUDGE