UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MOTLEY; et. al., | No. 1:15-cv-00905 |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| JOSEPH SMITH; et. al., | |
| Defendants. | (Doc. No. 65) |

By order filed June 20, 2016, the court dismissed plaintiffs' first amended complaint ("FAC"), and granted leave to amend with respect to several, but not all, dismissed claims. (Doc. No. 57.) On July 6, 2016, plaintiffs filed their second amended complaint ("SAC"). (Doc. No. 61.) On August 17, 2016, defendant moved to dismiss plaintiffs' SAC. (Doc. No. 65.) Therein, defendants contend plaintiffs' SAC fails to rectify the deficiencies noted by the court in dismissing portions of the FAC and that dismissal with prejudice is now warranted. On September 20, 2016, plaintiffs filed their opposition to the motion and on September 29, 2016, defendants filed a reply. (Doc. Nos. 67, 68.) A hearing on the motion was held on October 6, 2016. Attorney Anthony M. Sain appeared on behalf of the defendants. Attorneys Kevin G. Little and Robert G. Fuentes appeared on behalf of the plaintiffs. Having considered the parties' briefs and oral arguments and for the reasons set forth, the court will grant in part and deny in part defendants' motion to dismiss.

**BACKGROUND**

**A. Factual Background**

As noted above, Pamela Motley and Cindy Raygoza[1] (collectively, "plaintiffs") filed their SAC on July 7, 2016. (Doc. No. 61.) The SAC largely repeats the allegations plaintiffs levied in their FAC against the Fresno Police Department ("FPD"), a number of its individual officers[2] ("officer defendants"), and the City of Fresno ("Fresno") (collectively, "defendants"). Rather than repeat the detailed facts alleged, as set forth in the court's previous order, *see* (Doc. No. 57 at 2–5), the court offers the following summary.

Pamela Motely and Cindy Raygoza are both victims of domestic violence. Between early March and mid-April 2014, Pamela Motley was stalked and harassed—and on at least one occasion assaulted—by her estranged husband, Paul Motley. Pamela Motley sought a restraining order against Paul and called the FPD on multiple occasions to complain of Paul's threatening behavior. According to plaintiffs, when various officer defendants responded to these calls, they were often rude and insensitive. The officers also failed to provide Pamela Motley with information regarding domestic violence and citizen's arrest rights as required by California Penal Code §§ 679.05 and 836(b). Lastly, despite his alleged violations of the restraining order, the FPD and the officer defendants did not seek out and arrest Paul. On April 12, 2014, Paul shot Pamela Motley in the face, rendering her blind in one eye and quadriplegic.

In February 2014, Cindy Raygoza was beaten by Michael Reams, a man she was dating. Officer Engum responded to the incident after Cindy Raygoza called 9-1-1. According to plaintiffs' allegations, Officer Engum proceeded to berate Cindy Raygoza for her choice in men; he also failed to provide her with the requisite information mandated by California Penal Code §§

---

[1] Plaintiff Cindy Raygoza—who is deceased—pursues this action by and through the legal representative and administrator of her estate. In addition, as the court noted in its previous order, Cindy Raygoza's adult children are pursuing their own claims for deprivation of rights to familial association under 42 U.S.C. § 1983 and wrongful death under California Code of Civil Procedure § 377.60 *et seq*. (Doc. No. 57 at 1–2.)

[2] The officer defendants include Joseph Smith, Brian Little, Derrick Johnson, Michael Couto, Bernard Finley, Byron Urton, Ryan Engum and various unknown Fresno police officers.

679.05 and 836(b).  Plaintiffs allege Officer Engum's words re-victimized Cindy Raygoza and caused her to become weary of seeking help from the FPD in the future.  Plaintiffs also allege the FPD failed to pursue and arrest Reams for the February 2014 incident.  Reams returned to Cindy Raygoza's apartment on July 14, 2014 and stabbed her to death.

**B.  Procedural Background**

On June 20, 2016, the court dismissed portions of plaintiffs' FAC with leave to amend.[3] (Doc. No. 57.)  First, the court dismissed plaintiffs' § 1983 claim to the extent it was based on allegations that defendants violated plaintiffs' Fourteenth Amendment substantive due process rights, noting "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process clause." (*Id*. at 7) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)).  Second, the court dismissed Pamela Motley's claim that defendants violated her equal protection rights, characterizing the claim as one alleging gender-based discrimination and then noting Pamela Motley had failed to plead any facts supporting a reasonable inference of gender animus on the part of the defendants.  (*Id*. at 12–14.) Third, the court dismissed plaintiffs' various state law claims.  The court dismissed plaintiffs' negligence claims stemming from the defendants' alleged failure to arrest Paul Motley and Michael Reams, noting the plaintiffs' had failed to adequately plead that the officer defendants' owed them a duty to perform such an action.  (*Id*. at 18–19.)  The court found the same was true with respect to plaintiffs' state law claims based on the officer defendants' alleged failure to protect them.  (*Id*. at 20–23.)  Finally, the court dismissed plaintiffs' state law negligence claims regarding the officer defendants' failure to provide plaintiffs with domestic violence information as mandated by California Penal Code § 836(b).  (*Id*. at 23.)

---

[3] In that order, the court also dismissed two of plaintiffs' claims with prejudice. (Doc. No. 57 at 27.)  Specifically, the court dismissed with prejudice Cindy Raygoza's claim for injunctive relief and any negligence claim brought by plaintiffs predicated on a violation of the Violence Against Women Act. (*Id*.)  However, the court also denied defendants' earlier motion to dismiss in part, concluding that Cindy Raygoza had adequately pled an equal protection claim based on allegations that defendant Engum made misogynistic comments to her. (*Id*. at 14–15.)  The court also concluded that Cindy Raygoza could pursue a *Monell* claim against defendant City of Fresno based on the alleged custom or practice on its part of discriminating against female victims of domestic violence. (*Id*. at 15–16.)

As mentioned above, plaintiffs filed their SAC on July 6, 2016.  (Doc. No. 61.)  In it, plaintiffs clarify they are pursuing equal protection claims for both gender-based discrimination as well as discrimination based on their status as victims of domestic violence.  (*Id*. at ¶ 74.)  In the SAC, plaintiffs also re-allege their negligence claims as well as Cindy Raygoza's wrongful death claim.  (*Id*. at ¶¶ 81–90.)

## DEFENDANT'S MOTION TO DISMISS

**A.  Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

4

**B.  Pamela Motley's Gender-Based Equal Protection &** *Monell* **Claims**

In their motion to dismiss, defendants challenge only Pamela Motley's gender-based equal protection claim.  (*See* Doc. No. 65 at 2.)  As the court noted in its previous order:

> "The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983 for "a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).
>
> The denial of police protection to disfavored persons stemming from discriminatory intent or motive violates the Equal Protection Clause.  *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000).  However, "in police failure-to-serve cases, the courts consistently have required more evidence of discriminatory intent than a simple failure of diligence, perception, or persistence in a single case involving [members of a protected class]." *Moua v. City of Chico*, 324 F. Supp. 2d 1132, 1140 (E.D. Cal. 2004).

(Doc. No. 57 at 12.)

Defendants argue that in their SAC plaintiffs have failed to plead any specific facts indicating Pamela Motley was denied police protection based on her gender.[4]  The court disagrees.  Plaintiffs' supplementation of their original allegations in their SAC consists of allegations that various defendant officers behaved in a rude, aggressive, insensitive, or disinterested manner when responding to Pamela Motley's complaints about Paul.  (Doc. No. 61 at ¶¶ 32, 33, 37, 38.)  These allegations—consisting largely of subjective interpretations of nonverbal behavior—contain no indication of any gender animus.  *Cf. Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701–02 (9th Cir. 1990) (holding a cognizable gender discrimination

---

[4] In their reply brief, defendants also challenge plaintiffs' allegations they were discriminated against because of their status as victims of domestic violence.  (Doc. No. 68 at 8–9.)  However, a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  The court will not do so here.

claim could be brought by female domestic violence victim where the victim alleged police denied protection and made misogynistic comments). However, plaintiffs also now allege in their SAC that on at least one occasion an officer defendant—Officer Urton—provided Pamela Motley with "'fatherly advice' that if Pamela were his daughter he would suggest that she just leave town if she were worried." (Doc. No. 61 at ¶ 38.) While perhaps not as potent as the language discussed by the court in *Balistreri*, Officer Urton's alleged statement is still derogatory and demeaning and hints at "an animus against abused women." *Balistreri*, 901 F.2d at 701. Furthermore, because the court must construe the allegations of the SAC in the light most favorable to plaintiffs, this language is sufficient to give rise to an equal protection claim by plaintiff Pamela Motley based on gender discrimination. *See Lee*, 250 F.3d at 679.

Finally, defendants contend that "because [plaintiff Pamela Motley] has failed to allege a cognizable equal protection claim, she cannot maintain a cognizable *Monell* claim against the City of Fresno." (Doc. No. 65 at 22.) However, for the same reasons set forth in the previous order pertaining to plaintiff Cindy Raygoza's *Monell* claim, the court concludes that plaintiff Pamela Motley, having now alleged a cognizable equal protection claim, has also adequately alleged a *Monell* claim against defendant City of Fresno. (*See* Doc. No. 57 at 15–16.)

**C. Deprivation of Familial Association Claim**

The right to familial association—which covers both a parent's relationship with his or her child as well as a child's relationship with his or her parents—is a fundamental liberty interest protected under the substantive due process clause of the Fourteenth Amendment.[5] *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2012); *Lee*, 250 F.3d at 685; *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987) *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999)). "The concept of 'substantive due process,' . . . forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"

---

[5] Familial association is also protected by the First Amendment. *Lee*, 250 F.3d at 685. However, here, plaintiffs' base their claim solely on defendants' alleged violation of the Fourteenth Amendment. (Doc. No. 61 at ¶ 79.)

*Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)); *see also Rosenbaum*, 663 F.3d at 1079 ("To amount to a violation of substantive due process, however, the harmful conduct must 'shock [ ] the conscience' or 'offend the community's sense of fair play and decency.'") (*quoting Rochin v. California*, 342 U.S. 165, 172–73 (1952). "[C]onduct intended to injure in some way unjustifiable by any governmental interest is the sort of official action most likely to rise to conscience-shocking level." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Defendants argue that a familial association claim must be predicated on a substantive due process violation and, because they have not alleged such a violation, plaintiffs' familial association claim fails. (Doc. No. 65 at 23–25.) The court agrees in part. First, the court notes the Ninth Circuit has recognized that the parent-child relationship is protected by both the First and Fourteenth Amendment. *Lee*, 250 F.3d at 685; *see also Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail*, No. 2:10-cv-03048-MCE-CMK, 2013 5375588, at *10 (E.D. Cal. Sept. 14, 2013). Therefore, a claimant is not forbidden from pursuing a familial association claim merely because he or she has not established a substantive due process violation. An alternative basis for such a claim—the First Amendment—is available. *C.f. Reyes ex rel. Reyes v. City of Fresno*, No. CV F 13-0418 LJO SKO, 2013 WL 2147023, at *10 (E.D. Cal. May 15, 2013) (noting that, "[t]he weight of authorities indicates that the Fourteenth Amendment is the more precise source for familial association rather than the First Amendment."). Nonetheless, in this instance, plaintiffs have limited themselves in their SAC to the Fourteenth Amendment as the basis for their cause of action, alleging that their familial association claim stems from defendants' violation of the equal protection clause. Moreover, in their opposition to the pending motion, plaintiffs have failed to cite any authority for the proposition that an equal protection violation under the Fourteenth Amendment may serve as the basis of a familial association claim and instead merely arguing they should be permitted to pursue their familial association claim only because defendants have failed to show that it is "disallowed." (Doc. No. 67 at 8) (citing *Slusher v. City of Napa*, No: C 15-2394 SBA, 2015 WL 8527411, at *7 (E.D. Cal. Dec. 11, 2015)).

/////

In their SAC plaintiffs have failed to plead facts, which if proven to be true, would establish defendants caused their deprivation of familial association. Whether a familial association claim is brought pursuant to the First or the Fourteenth Amendment, one constant is always present: the underlying cause of the deprivation is state action. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (addressing a familial association claim—ultimately dismissed—based on a police shooting); *Lee*, 250 F.3d at 685–86 (addressing a familial association claim based on a police department's extradition of a mother's mentally handicapped son). The district court's decision in *Slusher* is instructive in this regard. In that case, the plaintiffs—the father and grandparents of a toddler murdered by her mother and her mother's boyfriend—alleged that the Napa Police Department violated their rights to family association when the police failed to remove the toddler from an unsafe environment despite obvious signs of abuse. *Slusher*, 2015 WL 8527411, at *1–2. The court rejected plaintiffs' family association brought pursuant to the Fourteenth Amendment because the plaintiffs did not plead a state created danger and, thus, failed to establish a substantive due process violation. *Id*. at *7 n.6. Here, as in *Slusher*, plaintiffs have not alleged that the state affirmatively interfered with Cindy Raygoza's relationship with her children; instead, the relationship was cut short by Michael Shean's acts.[6]

Accordingly, defendants' motion to dismiss will be granted with respect to the denial of familial association claim brought by plaintiffs Yvette Caldera, Valeria Caldera, and Danny Rice.

**D.  State Law Claims**

   *1.  Failure to Arrest Paul Motley*

In their SAC plaintiffs allege defendants were negligent *per se* for failing to arrest Paul Motley. Defendants seek to dismiss this claim, arguing they did not owe plaintiffs a duty of care.

In California, the violation of a statute or ordinance can create a presumption of negligence. *Salinero v. Pon*, 124 Cal. App. 3d 120, 134 (1981). A plaintiff must allege and ultimately establish "four 'basic facts' . . . for this presumption to apply." *Id*. These include:  (1)

---

[6] Allowing plaintiffs to pursue a familial association claim based on defendants' alleged equal protection violation would essentially provide plaintiffs with a backdoor to pursue their earlier dismissed substantive due process claim. (See Doc. No. at 7–13.)

8

the violation; (2) the violation as a proximate cause of the injury; (3) an injury resulting from an occurrence of the nature which the statute was designed to prevent; and (4) the injured party being a member of the class of persons for whose protection the statute was adopted. *Id*.

In their SAC, plaintiffs allege that the officer defendants were mandated by California Penal Code §§ 836(c)(1) and 13701(b) to arrest Paul Motley. California Penal Code § 836(c)(1) states:

> When a peace officer is responding to a call alleging a violation of a domestic violence protective order or restraining order . . . and the peace officer has probable cause to believe that the person against whom the order is issued has notice of the order and has committed an act in violation of the order, the officer shall, consistent with [California Penal Code § 13701(b)], make a lawful arrest of the person without a warrant and take that person into custody whether or not the violation occurred in the presence of the arresting officer.

Section 13701(b) repeats the mandate contained in § 836(c)(1) and also instructs officers to avoid dual arrests and to use "reasonable efforts to identify the dominant aggressor in any incident." Cal. Penal Code § 13701(b). The cited statutes do appear to impose a mandatory duty to arrest in certain situations. Nonetheless, plaintiffs' claim as alleged in the SAC is defective because it fails to plead the first "basic fact" of a negligence *per se* claim: a violation of the statute. Under § 836(c)(1), the mandatory duty to arrest is not triggered until after the violator has notice of the domestic violence protective order or restraining order. According to the allegations of plaintiffs' SAC, the officer defendants did not encounter Paul Motley after he was notified of the restraining order. (Doc. No. 61 at ¶¶ 33–39.) Thus, based on the factual allegations of the SAC, a statutory violation never occurred.

Moreover, to the extent plaintiffs contend defendants should have dedicated more resources to apprehending Paul, defendants are shielded from such a claim pursuant to California Government Code § 845, which provides: "Neither a public entity nor a public employee is liable for failure to . . . provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service." *See also Peterson v. San Francisco Cmty. Coll. Dist.*, 36 Cal. 3d 799, 814–15 (1984) (holding § 845 immunized the public entity from a claim that it did not provide sufficient police patrols in parking lot).

### 2. Failure to Protect

Defendants also move to dismiss plaintiffs' claim that defendants were negligent in failing to protect Pamela Motley. The court previously dismissed this claim with leave to amend, noting (1) that "police officers . . . generally may not be held liable in damages for failing to take affirmative steps to come to the aid of, or prevent an injury to, another person," and (2) that plaintiffs had failed to plead facts establishing an exception to this general rule. (Doc. No. 57 at 20–23) (quoting *Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1128 (2002).

In the pending motion to dismiss, defendants argue plaintiffs have failed to allege any new or additional facts in their SAC with respect to this claim. Defendants' argument appears to be well-taken and plaintiffs do not dispute the assertion on which it is based. Accordingly, the court will dismiss plaintiffs' failure to protect claim.

### 3. Failure to Provide Information

In their SAC, plaintiffs allege that the officer defendants were negligent *per se* because they failed to provide Pamela Motley and Cindy Raygoza with informational materials regarding domestic violence or to inform them of their citizen's arrest rights as mandated by California Penal Code §§ 679.05 and 836(b). Plaintiffs allege the failure to comply with these statutes "changed the risk of injury" to Pamela Motley and Cindy Raygoza because they were left unaware of preventative measures they could have taken to mitigate the dangers they faced from their abusers. (Doc. No. 61 at ¶¶ 40, 53.) Defendants argue plaintiffs' allegations are too speculative to establish causation, and thus fail under federal pleading standards.

California Penal Code § 836(b) states:

> Any time a peace officer is called out on a domestic violence call, it shall be mandatory that the officer make a good faith effort to inform the victim of his or her right to make a citizen's arrest . . . . This information shall include advising the victim how to safely execute the arrest.

Cal. Penal Code § 836(b).

Under California Penal Code § 679.05(a), a domestic violence victim has "the right to have a domestic violence advocate and a support person of the victim's choosing present at any interview by law enforcement authorities, prosecutors, or defense attorneys." That statute also

provides:

> Prior to the commencement of the initial interview by law enforcement authorities or the prosecutor pertaining to any criminal action arising out of a domestic violence incident, a victim of domestic violence or abuse . . . shall be notified orally or in writing by the attending law enforcement authority or prosecutor that the victim has the right to have a domestic violence advocate and a support person of the victim's choosing present at the interview or contact.

*Id*. at § 679.05(b)(1). Lastly, the statute states that "[a]n initial investigation by law enforcement to determine whether a crime has been committed and the identity of the suspects shall not constitute a law enforcement interview for the purposes of this section." *Id*. at § 679.05(c).

The court notes that, given the allegations of the SAC, § 679.05 does not appear to apply to either Pamela Motley or Cindy Raygoza. Neither ever attended an interview by law enforcement authorities, prosecutors, or defense attorneys. Instead, their encounters with law enforcement were limited to officers' responses to their 9-1-1 calls. These responses are akin to the "initial investigation[s]" specifically excluded under § 679.05(c) and, thus, that statute cannot serve as the basis for a cognizable claim by plaintiffs here.

However, plaintiffs do appear to have stated a cognizable negligence *per se* claim with respect to the defendant officers' alleged failure to adhere to the requirements of California Penal Code § 836(b). In this regard, plaintiffs allege in their SAC that the officer defendants failed to provide them with the required information, the information would have negated the dangers they faced, and the statute mandating the dispensation of this information was designed to protect a class of which they were members; i.e., domestic violence victims. In moving to dismiss this claim, defendants argue that these allegations are "speculative" and that "proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence . . . ." (Doc. No. 65 at 29) (quoting *Dunbar-Kari v. United States*, No. CV-F-09-0389 LJO SMS, 2010 WL 4923556, at *3 (E.D. Cal. Nov. 29, 2010)). However, the case is now before the court on a motion to dismiss and proof is not yet demanded. Rather, all that is required at this stage of the litigation are factual allegations sufficient to support "a reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Moreover, of course, in considering a motion to dismiss, the court is obligated to treat factual allegations made by the plaintiff as true. *Hishon*, 467 U.S. at 73. The SAC adequately alleges that Pamela Motley and Cindy Raygoza would have been able to protect themselves if the officer defendants had adhered to § 836(b). Such an allegation is sufficient to survive a motion to dismiss. *See Slusher*, 2015 WL 8527411 at *10–11 (denying a motion to dismiss a claim that police officers committed negligence *per se* by failing to follow mandatory reporting statutes).

Defendants also argue that plaintiffs' claim against the City of Fresno based upon the officers failure to provide the information required by § 836(b) must be dismissed because "plaintiffs have failed to allege facts that would establish the alleged acts or omissions of any of the defendant officers proximately resulted in their injuries." (Doc. No. 65 at 30.) However, because the officers' alleged negligence occurred within the scope of their employment, plaintiffs may pursue a claim for vicarious liability against Fresno. *See* Cal. Gov. Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee . . . .").

Finally, defendants contend that they are immune from liability because California Government Code §§ 821 and 845 exempts public employees for "failure to provide police services." (Doc. No. 65 at 30.) However, it appears that defendants are not entitled to immunity with respect to this claim pursuant to those provisions because the duty to provide the required information was mandatory rather than discretionary. *See Roseville Cmty. Hosp. v. State of California*, 74 Cal. App. 3d 583, 587 (1977) ("The statutes declaring immunity for damages caused by law enforcement failures encompass only discretionary law enforcement activity.") (*citing Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (1974)).

**E. Leave to Amend**

The court has carefully considered whether plaintiffs could further amend their complaint to remedy the defects noted above. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan*

12

*Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not permitted when "amendment would be an exercise in futility . . . ."). Plaintiffs have amended their complaint twice. Additionally, through the court's order granting in part and denying in part defendants' previous motion to dismiss the first amended complaint, plaintiffs have received guidance with respect to the deficiencies of that complaint. (*See* Doc. No. 57.) Therefore, the court concludes that granting further leave to amend with respect to the dismissed claims would be futile in this case. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014); *Saul v. United States*, 928 F. 2d 829, 843 (9th Cir. 1991); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## CONCLUSION

For all of the reasons set forth above, defendants' motion to dismiss (Doc. No. 65) is granted in part and denied in part as follows:

1. Defendants' motion to dismiss is granted with respect to the following claims which are hereby dismissed with prejudice:
    a. Plaintiffs Yvette Caldera, Valerie Caldera, and Danny Rice's Second Claim for Relief – Deprivation of Rights to Familial Association/Relations;
    b. Plaintiff Pamela Motley's Third Claim for Relief – Negligence with respect to the defendants' failure to arrest Paul Motley; and
    c. Plaintiffs Pamela Motley and Cindy Raygoza's Third Claim for Relief – Negligence with respect to the defendants' failure to protect.
2. Defendants' motion to dismiss is denied with respect to:
    a. Plaintiff Pamela Motley's First Claim for Relief – Equal Protection;
    b. Plaintiff Pamela Motley's First Claim for Relief – Municipal Liability;[7] and

/////

---

[7] Defendants do not now challenge plaintiff Cindy Raygoza's First Claim for Relief in the SAC alleging a denial of Equal Protection and Municipal Liability. The court previously denied defendants' first motion to dismiss with respect to this claim as alleged in the FAC. (Doc. No. 57 at 15–16.)

      c.   Plaintiffs Pamela Motley and Cindy Raygoza's Third Claim for Relief – Negligence with respect to the defendants' failure to provide information.

      d.   Plaintiff Cindy Raygoza's Fourth Claim for Relief – Wrongful Death[8]

IT IS SO ORDERED.

Dated: **November 28, 2016**

                                                UNITED STATES DISTRICT JUDGE

---

[8] Although defendants moved to dismiss plaintiff Cindy Raygoza's state law wrongful death claim, they did not address this claim separately or in any depth in their motion. (Doc. No. 65 at 2.) In their reply brief, defendants merely assert "[t]he fourth claim for relief for wrongful death brought by the heirs of Cindy Raygoza is similarly premised upon 'negligent misconduct' which [sic] allegedly caused her death by the hands of Mr. Reams." Because the wrongful death claim is based on negligent misconduct, defendants argue that "exercise of their discretion in policing is absolutely immune from liability." (Doc. No. 65 at 33.) "In a wrongful death action resulting from negligence, the complaint must contain allegations as to all the elements of actionable negligence. Negligence involves the violation of a legal duty imposed by a statute, contract or otherwise, by the defendant to the person injured, e.g., the deceased in a wrongful death action." *Van Horn v. Hornbeak*, No. CV F08-1622 LJO DLB, 2009 WL 435104, at *9 (E.D. Cal. Feb. 19, 2009) (citing *Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 105 (1992)). Here, the court has concluded that plaintiffs have alleged sufficient facts to maintain a claim against the defendants based upon their alleged failure to provide information and that the defendants are not immune because the duty to provide that information was mandatory rather than discretionary. Accordingly, plaintiff Cindy Raygoza's wrongful death claim also survives defendants' motion to dismiss.