1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA MOTLEY, et al., | ) Case No.: 1:15-cv-00905-DAD-BAM |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER OVERRULING PLAINTIFFS' |
| | ) OBJECTIONS TO THE DECEMBER 19, 2016 |
| City of Fresno, et al., | ) SCHEDULING ORDER |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

On December 19, 2016, the Court held a scheduling conference.  (Doc. 78). Counsel for Defendants appeared telephonically.  Counsel for Plaintiffs did not appear. Having determined that Plaintiffs' failure to appear waived their right to be heard at the scheduling conference, the Court set trial and discovery deadlines based on the schedule proposed by the parties' in their Rule 26(f) joint scheduling report.  (Doc. 63).  Counsel for Plaintiffs responded to the scheduling order with the instant objections to the Court.  (Doc. 80).  On that same day, Defendants filed a response. (Doc. 81).

Plaintiffs' objections and the accompanying declarations explain that counsel for Plaintiffs' failure to appear at the scheduling conference was due to an inadvertent clerical error.  While the Court set the scheduling conference for December 20, 2016, Plaintiffs accidentally scheduled the conference to take place, a year later, on December 19, 2017.  Counsel for Plaintiffs ultimately objects

to the scheduling order on the grounds that he is simply unable to comply with scheduling order as it is currently set due to the press of business and an impacted trial calendar.

Plaintiff's objections are OVERRULED as improper. To the extent that Plaintiffs are seeking reconsideration of the undersigned's scheduling order, Plaintiffs' must comply with the local and federal rules regarding reconsideration. See Local Rule 303(c); Fed. R. Civ. P. 72.

To the extent that Plaintiffs seek to modify the trial and/or discovery deadlines, any such motion must demonstrate that Plaintiffs satisfied the good cause requirement under Federal Rule of Civil Procedure 16(b)(4).  While Plaintiffs' objections detail a laundry list of prior work obligations unrelated to this matter, workload considerations and the press of business will rarely constitute good cause, *see generally Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 398, 113 S.Ct. 1489, 1499, 123 L. Ed. 2d 74 (1993); *Selph v. Council of City of Los Angeles*, 593 F.2d 881, 883 (9th Cir. 1979), *superceded in part by amendment*, Fed. R. App. R. 4(a)(5), as recognized in *United Artists Corp. v. La Cage Aux Follies, Inc*., 771 F.2d 1265, 1269 n.1 (9th Cir. 1985).

Further, to establish good cause Plaintiffs must demonstrate diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Discovery has been open in this matter for well over a year. The Court notes that on August 2, 2016, the Court specifically admonished the parties that even though a case management schedule had not yet been entered in this case, that discovery was open, and in fact, had been open since the parties' July 22, 2015 Rule 26(f) conference. (Doc. 64). The parties were "caution[ed]…to actively engage in productive discovery" and forewarned that at the continued scheduling conference the Court would set "a shortened discovery period and schedul[e] trial to proceed in either November or December 2017."  (Doc. 64).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' objections (Doc. 80) are OVERRULED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 22, 2016**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

2